# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 21-00162-02 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| FELECIA B. WALKER (02) | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 filed by Petitioner Felecia B. Walker ("Walker"). See Record Document 199. The United States of America ("the Government") opposed. See Record Document 202. Walker did not reply. For the reasons set forth below, Walker's Motion (Record Document 199) is **DENIED**.

## BACKGROUND

On July 14, 2021, a federal grand jury returned an eleven-count indictment against three defendants, including Walker. See Record Document 202 at 3; see also Record Document 14. Walker was named in the following counts: count one charging her with conspiracy to distribute and possess with the intent to distribute methamphetamine; count six charging her with possession with intent to distribute methamphetamine; and counts seven and eight charging her with possession of a firearm in furtherance of drug trafficking. See id. On July 14, 2021, Kenneth Beck ("Beck") enrolled to represent Walker. See Record Document 202 at 3; see also Record Documents 12 & 13.

On February 14, 2022, pursuant to a written plea agreement, Walker pled guilty to counts one and eight. See Record Document 202 at 3; see also Record Documents 89 &

91. On October 31, 2022, the motion to substitute J. Dhu Thompson ("Thompson") in place of Beck was granted. See Record Document 202 at 3; see also Record Documents 150 & 152. On June 7, 2023, Walker was sentenced to 210 months' imprisonment on count one. See Record Document 202 at 4. As to the gun charge, she was sentenced to 60 months' imprisonment to run consecutively with the sentence impost on count one. See id. Thompson filed a motion to withdraw and a motion to appoint counsel for appeal, which were granted. See id.; see also Record Documents 171 & 174.

Walker appealed her sentence and challenged the adjustment for using the premises for drug distribution. See Record Document 202 at 4. The Judgment was affirmed on December 7, 2023. See id. The decision was entered into this Court's record on December 29, 2023. See id.; see also Record Document 183. On May 6, 2024, Walker filed a motion to reduce sentence, which was denied. See Record Document 202 at 5; see also Record Documents 191 & 195. On July 27, 2024, she filed a motion for extension of time to file a § 2255 motion, which was denied. See Record Document 202 at 5; see also Record Documents 197 & 198. Walker filed this instant § 2255 Motion on April 4, 2025. See Record Document 199.

## LAW AND ANALYSIS

**I. Section 2255 Standard.**

After accepting a plea of guilty and exhaustion of a defendant's right to appeal, the court is "entitled to presume that the defendant stands fairly and finally convicted." U.S. v. Shaid, 937 F. 2d 228, 231–32 (5th Cir. 1991) (citing U.S. v. Frady, 456 U.S. 152, 164, 102 S. Ct. 1584, 1592 (1982)). Consequently, relief under § 2255 is quite limited, reaching

only instances where (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence exceeds the statutory maximum, or (4) the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255. Stated differently, § 2255 affords relief only to issues of constitutional or jurisdictional magnitude—those that "could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." U.S. v. Vaughn, 955 F. 2d 367, 368 (5th Cir. 1992). Additionally, the Fifth Circuit has held a claim is not procedurally barred from collateral review if the defendant can show "cause for the default and actual prejudice as a result." U.S. v. Robinson, 323 Fed. Appx. 340, 341 (5th Cir. 2009).

"To show cause for a procedural default, a movant must 'show that "some objective factor external to the defense" prevented him from raising on direct appeal the claim he now advances.'" Id. at 342 (quoting U.S. v. Guerra, 94 F. 3d 989, 993 (5th Cir. 1996) (citation omitted)). To demonstrate actual prejudice, a movant must show "'not merely that the errors…created a possibility of prejudice, but that they worked to his actual and substantial disadvantage.'" Id. (quoting Hughes v. Quarterman, 530 F. 3d 336, 341 (5th Cir. 2008) (internal quotation marks and citation omitted)).

"Even if a defendant cannot establish cause or prejudice, procedurally defaulted claims can be considered for the first time in a § 2255 proceeding if the movant can show that he is actually innocent." U.S. v. Stamper, No. 19-00033, 2021 WL 3847816, at *4 (W.D. La. Aug. 27, 2021) (citing Bousley v. U.S., 523 U.S. 614, 622 (1998)). If the defendant cannot illustrate "a 'colorable showing of factual innocence,'" he fails to

3

demonstrate a fundamental miscarriage of justice. Id. (citing U.S. v. Flores, 981 F. 2d 231, 236 (5th Cir. 1993)).

The one-year statute of limitations for filing a § 2255 motion runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or law of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

**II. Ineffective Assistance of Counsel.**

To prevail on a claim of ineffective assistance of counsel, the petitioner must show his counsel's performance was deficient, and the deficiency resulted in prejudice to the defendant. See Strickland v. Wash., 466 U.S. 668, 688, 104 S. Ct. 2052, 2065 (1984). The proper standard for attorney performance is that of "reasonably effective assistance," and reasonableness is measured according to "prevailing professional norms." Id. at 687–88. Among other responsibilities, this standard demands that counsel "research relevant facts and law, or make an informed decision that certain avenues will not be fruitful." U.S.

4

v. Grammas, 376 F. 3d 433, 436 (5th Cir. 2004) (citing U.S. v. Conley, 349 F. 3d 837, 839 (5th Cir. 2003)). To prove prejudice, the petitioner must show there is a reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different. See id. at 695. When asserting errors concerning sentencing, the petitioner must show that he would have received less time in prison had it not been for his counsel's errors. See U.S. v. Franks, 230 F. 3d 811, 815 (5th Cir. 2000).

### III. Summary of the Arguments.

Walker challenges her conviction on one ground: ineffective assistance of counsel for failure to advise or object. See Record Document 199 at 4. She asserts that counsel "failed to argue against the quantity attributed." See Record Document 199-1 at 4. She argues counsel "allowed [her] to be sentenced per, § 841(b)(1)(A) and therefore, have a corresponding guideline base offense level of 38." See id. at 4–5. Walker submits that "counsel should have argued and negotiated drug attribution based on [her] role in the conspiracy, following 5th Circuit precedent." See id. at 6.

Walker contends that she has met the deficient performance prong because "[c]ounsel did not negotiate or object to the designation of [her] drug attribution under § 841(b)(1)(A)." See id. She advances that "[c]ounsel allowed [her] to plead guilty without confirming her involvement met the criteria for a mandatory minimum under § 841(b)(1)(A)." See id. Additionally, she avers that she has met the prejudice prong because "[h]ad her correct culpability been argued and pleaded to, she would have received a mandatory minimum less than 10 years in compliance with 5th Circuit law; which this Honorable Court would have imposed." See id. at 7. Ultimately, she submits

"counsel failed to provide effective representative by not investigation, presenting, mitigating facts, or objecting to key aspects of her plea and sentencing." See id. at 8. Walker asks this Court to grant her Motion "based on both ineffective assistance of counsel and sentence imposed in violation of the law." See id.

The Government opposed, arguing that Walker's Motion is untimely by one day. See Record Document 202 at 5. The Government contends that she had 90 days from December 29, 2023 to file a certiorari petition, which would have been March 28, 2025. See id. The Government asserts that Walker has not made the required showing under the mailbox rule to preserve her Motion. See id. at 7. Her Motion's postmark indicates it was filed on March 29, 2025, which the Government submits is one day late. See id.

Additionally, the Government avers that Walker has not presented any basis for equitable tolling because she has not shown that she pursued her rights diligently and that some extraordinary circumstance prevented her from timely filing a § 2255 motion. See id. at 7–8. The Government also asserts that she has not presented a credible showing of actual innocence that can overcome § 2255(f)(3)'s statute of limitations. See id. at 8. Even if the Court finds her Motion to be timely, the Government submits that she is still not entitled to relief because she has failed to show that her attorney's actions during the sentencing proceedings were unreasonable or prejudicial. See id. at 9, 11. The Government argues the objections or issues she claims are meritless. See id. at 12. Regardless of the mandatory minimum, the Government avers that her guideline range would still have been 210 to 262 months. See id. Furthermore, the Government contends that an objection to the drug quantity and mitigating role adjustment would have been

baseless. See id. at 12–15. Thus, the Government advances her Motion should be denied. See id. at 15.

**IV. Analysis.**

The Court agrees with the Government that the Judgment in this case became final on March 28, 2025. The Fifth Circuit affirmed this Court's Judgment on December 29, 2023; thus, Walker had 90 days from December 29 to file a certiorari petition. See Record Document 183; see also U.S. v. Redd, 526 F. 3d 309, 311, fn 2 (5th Cir. 2009). She failed to file such petition; therefore, under § 2255(f)(1), the Judgment became final on March 28, 2025. Walker's Motion was mailed on March 29, 2025, making it one day late. See Record Document 199. Therefore, under a technical and strict application of § 2255, her Motion is untimely by one day. However, the Court finds that even if her Motion was considered timely, she cannot assert a successful ineffective assistance of counsel claim against Thompson.

Walker's ineffective assistance of counsel claim fails both prongs of Strickland. Walker's suggested objections would have been frivolous because the plea agreement and indictment provided that the drug count to which she pled guilty involved 50 grams or more of methamphetamine. See Record Documents 14 & 84. Under § 841(b)(1)(A)(viii), that amount triggers a term of imprisonment of not less than 10 years. With a total offense level of 37 and a criminal history category of one, her guideline imprisonment range was 210 to 262 months. Regardless of the mandatory minimum, her guideline range would have been the same. Thus, negotiating for a lower mandatory minimum would have been frivolous.

7

Additionally, the presentence investigation report established that Walker would not have been entitled to a mitigating role adjustment because she was Frederick Walker's assistant to his drug distribution organization. See Record Document 172 ¶ 60. The presentence investigation report is replete with factual evidence illustrating her assistance and role in the organization; therefore, objecting to this issue would have been frivolous. See id. "On numerous occasions, the Fifth Circuit has noted that '[c]ounsel cannot be deficient for failing to press a frivolous point.'" U.S. v. Nelson, No. 17-00246-01, 19-0431, 2023 WL 1073719, at *3 (W.D. La. Jan. 26, 2023). See Sones v. Hargett, 61 F. 3d 410, 415, n. 5 (5th Cir. 1995) (citing Koch v. Puckett, 907 F. 2d 524, 527 (5th Cir. 1990)); see also U.S. v. Gibson, 55 F. 3d 173, 179 (5th Cir. 1995), Murray v. Maggio, 726 F. 2d 279, 283 (5th Cir. 1984). Therefore, Thompson was not ineffective for failing to file frivolous objections.

Walker has also failed to demonstrate that the outcome would have been different if Thompson had raised such objections, especially since the Fifth Circuit affirmed this Court's Judgment. She provides no sufficient evidence that she was prejudiced as a result of Thompson's failure to raise certain objections. Her conclusory allegations do not satisfy the standard to prove ineffective assistance of counsel. Therefore, since Walker cannot demonstrate Thompson performed deficiently or that she suffered prejudice, her ineffective assistance of counsel claim is meritless.

## CONCLUSION

For the reasons set forth above,

**IT IS ORDERED** that Walker's § 2255 Motion (Record Document 199) is **DENIED**.

8

An Order consistent with this Ruling shall issue herewith.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 25th day of June, 2025.

_____
UNITED STATES DISTRICT COURT JUDGE